*159 After tbe argument, chancellor James delivered "the following decree:
In this case, which arises' oii injunction to stay pro-eeedings at law, it has been said, that the court of common pleas was of opinion, that Margaret M‘Grew had a disposable equitable interest in the property in question $ but that C. II. Yauters was entitled to recover at law as having the legal estate. But after the most mature consideration, I cannot see upon what grounds the complainant in this case, as claiming through her, has a right to recover in equity. It is not within the power of this court, any more than a court of common pleas, to legislate or dispense with any established law, the object of which is clearly defined; and such I take to be the law of 17-89, directing the granting probates of wills and letters of administration. If, by a loose construction- of this, act, courts of equity were to allow persons under color of being heirs of any estate, to convey away property without administering,- the obvious consequence would be, that creditors, especially by simple contract, would be deprived of that remedy, which they now have by law of suing for their demands. And bond creditors, also, must search about the country after heirs, who are not always properly designated or certain, before they could establish their legal demands. Besides these reasons, what has been urged at the bar must have considerable weight, <£ that letters of administration when granted, must relate hack to the death of the intestate, and therefore, that this complainant, if ho can recover at all, must recover by action against the administrator.” These reasons might appear sufficient for decreeing against the complainant, but there is another, and a, strong one, which has been urged. It is, if that the complainant in this case does not come into court, according to a common phrase in the court of equity, with clean hands $ that the contract under which he claims, is not such an one as this court would aid him in, so as to decree a specific execution of it, and that it is in fact, contrary to the general policy of a well regulated society.5-'' It appears from the evidence, that the complainant *160 and Margaret M(Grew, at the time the contract in question was entered into, were living together as man and without the marriage ceremony having been performed; — that she had, also, children by her deceased husband, one of whom is married to the defendant, and that she had also children by her paramour, the complainant. Now, there can be no doubt, but what if she had been married to him, and made the deed in question, it would have been of no manner of validity, on account of that influence which the husband has over the acts of the wife. And if this be one and the principal reason, why contracts between husband and wife are set aside, certainly the same reason must have considerable effect, where the contract is between a woman and the man living in adultery with her: for his influence over her must be full as great as that of a husband, and must be of a more improper nature. The question then is, will this court decree a specific performance of a contract under such circumstances, so as to deprive the children born in wedlock of the property ? 1 apprehend not.
The property disposed of by the deed, was the whole of the property which came by the brother : it still remained in the possession of Mrs. M‘Grew after the execution of the bill of sale $ — it lias not been proved tit at the debts of Mr.M'Clain were paid j — the consideration is somewhat impeached by the circumstances under which the contract was made j and, upon the whole, though no actual fraud has been proved, yet such a strong presumption of it arises, that f am compelled to refuse the aid of this court. Let the bill of sale be delivered to the complainant, and let him make the most of it lie c;in; but let his bill bo dismissed with costs.
W. D. James.
From this decree there was an appeal on the following grounds:
In this case the complainant moves the court of appeals, to reverse the decision of the presiding; judge, on the following .grounds t
*161 First, — That Margaret MMire.w being the neríí of bin, and only legal representative, liad a right in equity to hold this property subject only to creditors and pri- or incumbrances. '
Second, — The Court could not presume that there were creditors, because the defendant, who is the administrator of Hugh M‘Clain, positively denies that he owed any debts at the time of his death, and if he did, ■ admits that they were all paid: and it is not pretended that the property was encumbered.
Third,' — Because if Margaret M‘Grew had a right to the property, she had a right to transfer ami assign-it | and although the assignment was not good ir» law, it was good in equity.
Fourth,- — 'Because the administrator is considered in equity, as a trustee for the next of kin, where there, arc no creditors or after the debts are paid ; and, a for-tiori, trustee for the assignee of the next of kin.
Fifth, — because the decree is erroneous, in supposing the complainant has come here, for a specific performance of the contract. He comes to be quieted in the. possession of property which he holds under a contract executed, and of which he is about to bo deprived by a mere technical form of law, contrary to oquity and good conscience.
Sixth, — Because the court has presumed fraud, where it is admitted that none has been proved : and that it is presumed against the solemn deed of- the only person interested, and against positive testimony offered by the. defendant himself, that it was bottomed on a valuable consideration.
Seventh, — Because if the -principle assumed by the. decree is correct, that the complainant and Margaret M‘Grcw were to be. considered as husband and \yiie, and that the contract was therefore void, the samé principle would give him the property without any -contract.
Eighth, — It is not correct that the property always after remained in the possession of Margaret M-Grew, for since it is admitted that they lived together, the possession must be. presumed in the bno who had the right, *162 which, after the bill of sale, certainly was in the complainant.
Ninth, — It is equally incorrect to say, that this was all the property McClain had $ for the contrary is admitted by the answer, and appears from the proceedings at law.
Tenth, — Because the decree goes to establish the principle, that an administrator, (although a stranger,) lias the absolute right to the personal property against the next of kin.
Crenshaw appellants solicitor.
• At the sitting of the court of appeals, at Columbia, present chancellors James, Desaussure and Gaillard, the appeal was argued, and the court affirmed the decree of the circuit court.